BARNER *v*. INTERNATIONAL CIGAR MAKERS' UNION OF AMERICA, LOCAL NO. 33, ET AL.

[No. 9,934. Filed October 29, 1919.]

1. BENEFICIAL ASSOCIATIONS.—*Death Benefits.—Dependency.*—In an action to recover death benefits under the by-laws of a union, by one claiming to have been dependent in whole or in part upon the deceased member, dependency is a question of fact and not of law. p. 262.

2. APPEAL.—*Findings.—Sole Fact in Issue.—Witnesses Before Judge.—Review.*—Where the trial judge saw and heard the witnesses, the Appellate Court will not overthrow a finding as to the sole fact in issue if there is any evidence to support it. p. 262.

From Marion Superior Court (103,769); *W. W. Thornton*, Judge.

Action by Anna Henrietta Barner against the International Cigar Makers' Union of America, Local No. 33, and others. From a judgment for defendants, the plaintiff appeals. *Affirmed*.

*E. E. McFerren*, for appellant.

*Joseph O. Carson*, for appellees.

McMAHAN, J.—The appellant brought this action against the appellees to recover death benefits alleged to be due her as a dependent daughter of a

deceased member of appellee International Cigar Makers' Union.

Section 1447 of the by-laws of the appellee union provides that the member might designate in writing the person or persons to whom the death benefits should be paid, and, if no such designation is made, such benefits shall be paid to the widow of the deceased member; if there be no widow, then to the minor children of such deceased member, then to any relative of the deceased member who at the time of his death was dependent, in whole or in part, upon such deceased member.

On the trial of the cause all the facts alleged in the complaint were admitted to be true, except the allegation that the appellant was dependent in whole or in part upon her father for support. It appears from the evidence that appellant's father and mother were divorced when appellant was about three and one-half years of age, at which time appellant and two sisters were placed in a children's home at Cleveland, Ohio, where they remained about nine years. The mother, having then remarried, took all three children out of the home. Appellant thereafter continued to live with her mother about three years, during which time the mother boarded, clothed and schooled her. Appellant quit school and started to work in a cigar factory when about fourteen years of age, and worked continuously at such work until and after the death of her father in March, 1916. During this time she earned from $5 to $8 a week, having earned $8 a week for six months or more before the father died. The father visited the children two or three times while they were in the children's home, at which time he would give them small

amounts of money with which to buy candy and playthings. The father never paid any part of appellant's board, nor furnished her with clothing, nor paid for her schooling. When appellant was about fifteen years of age she left her mother's home and lived with an older sister for about five years. After that she and an unmarried sister lived together and did light housekeeping for a period of about three years. The father during these years lived at Indianapolis, and during the summer time would frequently go to Cleveland on Sunday excursions, leaving Indianapolis in the morning and returning in the evening, at which time he would see some or all of his children. The father was a cigar maker by trade. He was out of employment part of the time, and when at work would earn about $11 per week. From and after the first of November, 1915, he was sick and unable to work, and drew a sick benefit from the appellee union of $3 per week. He had not visited nor seen appellant, nor given her any money or anything of value for six months or more prior to his death. There was some evidence to the effect that when he visited Cleveland on the Sunday excursions he gave her one or two dollars each time he saw her. Appellant was between twenty-two and twenty-three years of age at the time her father died.

The sole and only question for determination in this case is whether or not the appellant was dependent in whole or in part upon her deceased father at the time of his death. Dependency is a question of fact and not of law. The trial judge saw and heard the witnesses, including appellant and her oldest sister, and was thus in a better position to judge of the weight to

be given to their testimony than we are. In such a case this court will not overthrow the finding of the trial court, if there is any evidence to support that finding. Our judgment is that there was sufficient evidence to sustain the finding of the trial court. Judgment affirmed.